UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SIMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. DELBARIEO, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03510-JSC<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against two employees of the Contra Costa County Sherriff's Department. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint states claims capable of judicial determination and review, and service is ordered upon Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges he is a practicing Muslim who observes fasting practices and meals on Ramadan, as required by his religion.  (ECF No. 9 at 3.)  He alleges while at the Contra Costa County Jail in March 2024, he was on the list of inmates who would receive "religious meals" during Ramadan, but he did not receive them.  (*Id.* at 3-4.)  He complained to Defendants J. Delbarieo and J. Holsher[1] about not receiving religious meals, but they failed to correct this problem or ensure he would receive such meals.  (*Id.* at 4.)  When liberally construed, these allegations state claims capable of judicial review and determination under the Free Exercise Clause of the First Amendment, *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted) (holding prisoners retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion"), and the Religious

---

[1] Plaintiff identifies both Defendants as "Sheriff."  (ECF No. 9 at 2.)  The website for the Contra Costa County Sheriff's Department indicates someone else, David Livingston, has been the Sheriff of Contra Costa County since 2010.  *See* https://www.cocosheriff.org/about-us/sheriff-david-o-livingston-biography.  Accordingly, the Court construes the complaint to mean Defendants are Deputy Sheriffs who work for the Contra Costa County Sheriff's Department. (*See* ECF No. 9 at 2.)

2

Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a) (providing "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.").

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this order on Deputy Sheriff J. Delbarieo and Deputy Sheriff J. Holsher at the Contra Costa County Jail.

The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this order to the Contra County Counsel's Office.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

   a. No later than **October 23, 2025,** Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

1  Court and served upon Defendants no later than **December 4, 2025,** from the date the motion is
2  filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided
3  to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

        d.  Defendants shall file a reply brief no later than **December 18, 2025**.

        e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    4.  All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated:

                                  JACQUELINE SCOTT CORLEY
                                  United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**IT IS SO ORDERED.**

Dated: July 31, 2025

JACQUELINE SCOTT CORLEY
United States District Judge