UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD SIMS,

          Plaintiff,

    v.

J. DELBARIEO, et al.,

          Defendants.

Case No. 25-cv-03510-JSC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 22

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without representation by a lawyer, filed this civil rights action under 42 U.S.C. § 1983 against two officials at the Contra Costa County Jail ("the Jail"), where he was formerly incarcerated. Defendants move for summary judgment on the grounds Plaintiff did not exhaust his available administrative remedies. Plaintiff did not file an opposition, though he received a warning of the possible consequences of not doing so. For the reasons discussed below, the motion for summary judgment is GRANTED.

**FACTUAL BACKGROUND**

The Court previously summarized Plaintiff's allegations in the operative amended complaint as follows:

> Plaintiff alleges he is a practicing Muslim who observes fasting practices and meals on Ramadan, as required by his religion. (ECF No. 9 at 3.) He alleges while at the Contra Costa County Jail in March 2024, he was on the list of inmates who would receive "religious meals" during Ramadan, but he did not receive them. (*Id*. at 3-4.) He complained to Defendants J. Delbarieo and J. Holsher[] about not receiving religious meals, but they failed to correct this problem or ensure he would receive such meals. (*Id*. at 4.)

(ECF No. 12 at 2:15-20.) The Court concluded these allegations state claims capable of judicial review and determination under the Free Exercise Clause of the First Amendment, *see generally*

United States District Court
Northern District of California

*O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987), and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).  (ECF No. 12 at 2:20-3:6.)

Defendants have submitted the Jail's policy manual, Plaintiff's Jail records, and declarations by a Jail supervisor, a custodian of records, and Defendant Holscher.  (ECF No. 23.) Plaintiff has not submitted a declaration or other evidence, and as his amended complaint is not verified (*see* ECF No. 9), the Court may not treat it as an opposing affidavit.  *Cf. Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating the plaintiff's verified complaint as opposing affidavit, and allegations based on personal knowledge as evidence).  The evidence presents the following facts.

Jail inmates receive three meals a day.  (ECF No. 23-4 at ¶ 6.)  Inmates may request "religious meal" accommodation for Ramadan using an Inmate Request Form, which, after approval by the Chaplain, is forwarded to the kitchen.  (*Id.* at ¶ 7.)  During Ramadan, the fasting inmate does not receive lunch, and the kitchen sends the inmate an extra meal at dinner time.  (*Id.*) On March 10, 2024, Plaintiff submitted a written request to be put on the Ramadan list; Defendant Del Barrio forwarded the request to the Jail Chaplain, who granted it and indicated it would take 48 hours to process.[1]  (ECF No. 23-7.)

The Jail provides a procedure for inmates to file administrative grievances "relating to conditions of confinement."  (ECF No. 23-2 at ¶ 5.)  This procedure requires an inmate to first present their grievance informally to a deputy and if the response is not satisfactory, submit a formal grievance.  (*Id.* at ¶ 6.)  The formal grievance must be: (a) in writing, (b) submitted within seven days of the incident at issue, (c) submitted on the facility-issued Inmate Grievance Form, (d) specific and pertain to a single subject matter, and (e) placed in the secured grievance drop-box located in every housing module.  (*Id.* at ¶ 7.)  A sergeant checks the drop-box three times a day, makes a copy of the grievance form, returns the copy to the inmate, and sends a response to the grievance to the inmate in writing within seven days.  (*Id.* at ¶¶ 7-8.)  The inmate then has three days from the response to submit a written appeal on the same Inmate Grievance Form.  (*Id.* at ¶

---

[1] There is no dispute that in 2024, Ramadan ran from March 10 to April 9.  *See* https://aladhan.com/ramadan-prayer-times/2024/Los%20Angeles/CA,%20USA.

United States District Court
Northern District of California

9.) All grievances and the responses are maintained in the inmate's booking file according to the inmate's unique number assigned at booking. (*Id.* at ¶ 15.) Inmates see an orientation video at booking that describes the grievance process and informs them copies of the Jail manual describing these procedures are available in the housing units. (*Id.* at ¶ 12.) Inmates can also learn about the grievance process from computer tablets and staff members. (*Id.* at ¶¶ 13-14.)

Plaintiff's booking file contained two "Inmate Grievance Forms" regarding his religious meals. (ECF No. 23-5 at ¶ 4.) The first, dated March 27, 2024, complained he had not received the second meal at dinnertime to accommodate his fasting for Ramadan. (ECF No. 23-6.) A non-party deputy denied the grievance the next day, stating Plaintiff was not on the Ramadan list. (*Id.*) The other Inmate Grievance Form, dated July 7, 2024, was marked as an "appeal." (ECF No. 23-10.) It asserted:

> I have put in countless grievances about not being feed [sic] for 21 days in a row by [Defendant Deputy] Dell Barrio and my religious property being trow [sic] away and other issues and appeals that have not yet been responded [sic] to. I would like copys [sic] of all my Grievance's [sic] I've put in since Being here and the Responses[.]

(*Id.*) Defendant Holscher responded to this appeal, stating there were no grievances about "being denied meals or destruction of property" in Plaintiff's file, and that it was Plaintiff's "responsibility to keep" a copy of his grievances. (*Id.*)

Other than the March 27, 2024, grievance and the July 7, 2024, appeal, the custodian of record found no other grievances or appeals "relating to [Plaintiff's] religious meals" in Plaintiff's booking file. (ECF No. 23-5 at ¶ 4.)

Plaintiff's booking file also contained two "Inmate Request Form(s)," dated March 30 and April 2, 2024, both complaining he had not been receiving the second Ramadan meal at dinnertime since March 11, 2024, except for on March 29, 2024. (*See id.*; ECF Nos. 23-8, 23-9.) The Chaplain responded to the second of these stating "this should be resolved today." (ECF No. 23-9.)

//

//

**DISCUSSION**

I.     Standard of Review

Summary judgment is proper when the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). If more than one reasonable inference can be drawn from undisputed facts, the trial court must credit the inference in favor of the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Exhaustion must ordinarily be decided by a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.*

II.     Analysis

Defendants argue Plaintiff did not exhaust his claim they failed to provide him meals

4

accommodating his religious practices during Ramadan.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  28 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory.  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  "All available remedies" must be exhausted, and they "need not meet federal standards, nor must they be plain, speedy, and effective."  *Porter*, 534 U.S. at 524 (citations and internal quotation marks omitted).  In addition, the PLRA requires "proper" exhaustion of administrative remedies, which means "compliance with an agency's deadlines and other critical procedural rules."  *Ngo,* 548 U.S. at 90-91.

There is no dispute the Jail provided a grievance procedure for Plaintiff's claim that he did not receive all of religious meals during Ramadan, or that such procedure consisted of a three-step process: (1) an informal oral complaint; (2) a formal, written grievance on the Jail's "Inmate Grievance Form;" and (3) an appeal submitted within three days of any denial of such grievance using the same form.  (*See* ECF No. 23-2 at ¶¶ 5-9; ECF No. 23-3.)  Defendants do not contend Plaintiff failed to complete the first step of making an informal oral complaint about his religious meals.  Moreover, there is evidence supporting a reasonable determination the Inmate Grievance Form Plaintiff submitted on March 27, 2024, complaining Plaintiff had not received his Ramadan meals satisfied the second step of the process.  (ECF No. 23-6.)  The evidence also supports a reasonable finding the Inmate Grievance Form he submitted on July 7, 2024, referencing his religious meals was an appeal at the third step of the process.  (ECF No. 23-10 (checking off box for appeal).  It is unclear whether this was an appeal from the denial of his March 27, 2024, formal grievance, but if it was, then it was untimely under the Jail's grievance procedures: the formal grievance was denied on March 28, 2024, and Plaintiff filed his appeal more than three months later, long after the three-day deadline to appeal expired.  (*See* ECF Nos. 23-10, 23-6, 23-2 at ¶ 9.)  Under *Ngo*, the filing of a grievance or appeal that is untimely under the institution's grievance procedures is not "proper" exhaustion under the PLRA.  548 U.S. at 83-84.  As no reasonable fact-finder could determine the July 7, 2024, Inmate Grievance Form was a timely appeal, no

reasonable fact-finder could determine it properly exhausted his claim under the PLRA.

Lastly, there is no evidence supporting a reasonable determination Plaintiff filed any other grievances or appeals regarding his religious meals. The records custodian reviewed his booking file and found no other grievances or appeals. (*See* ECF No. 23-5 at ¶ 4.) And no reasonable fact-finder could determine the two "Inmate Request Forms" Plaintiff submitted March 30 and April 2, 2024, constituted either grievances or appeals under the Jail's policy, which required inmates to submit grievances and appeals on the "Inmate Grievance Form." (*See* ECF Nos. 23-8, 23-9; *see also* ECF No. 23-2 at ¶¶ 6, 9; ECF No. 23-3.)[2]

Defendants are entitled to summary judgment on exhaustion grounds as no reasonable fact-finder could conclude Plaintiff properly exhausted his available administrative remedies for his claim that he did not receive all of his Ramadan meals.[3]

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment on exhaustion grounds is GRANTED. Plaintiff's claims are DISMISSED without prejudice to refiling if and when they have been exhausted.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

Dated: June 1, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

---

[2] The evidence does not support a reasonable finding Plaintiff did not know about this requirement insofar as he used the proper form for his March 27, 2024, grievance and July 7, 2024, appeal, and the Jail policy was available to him at orientation, in the housing units, on tablets, and from Jail personnel. (*See* ECF Nos. 23-6, 23-10.)

[3] In light of this conclusion, the Court need not reach Defendant Holscher's alternative argument for summary judgment.

6